TIFFANY v. BOWERMAN.

*Supplemental complaint — different cause of action — claim acquired after commencement of suit.*

In an action against B. and S., plaintiff, in his complaint, alleged that he had employed S. to purchase some lands belonging to D. for $10,000 ; that thereafter S., for the purpose of injuring plaintiff, procured the lands to be purchased by and conveyed to B., who knew of the employment, etc., of S., for $9,000, and asked that the conveyance to B. be declared to be for the benefit of plaintiff, etc.   The action was refered and tried, and the referee gave

notice that he had decided in favor of defendant. Before the report was filed, plaintiff asked to be allowed to serve a supplemental complaint setting forth that S. was, at the time of the conveyance, employed by D. to sell the lands for the best price; that S. did not inform D. of plaintiff's offer, but procured the sale to B. at a less sum; that B. had notice of the facts, and that plaintiff had acquired the interest of D. in the cause of action for these facts against B. and S., after the case had been submitted to the referee, and asked that the conveyance be adjudged to be in fraud of the rights of D. *Held*, that such complaint was not allowable.

A supplemental complaint must be consistent with and in aid of the case made by the original complaint. A new and substantive cause of action cannot be set up, more especially one to which plaintiff was not entitled when he commenced the action.

APPEAL by defendant from an order at the special term granting leave to plaintiff to serve a supplemental complaint.

The action was brought in Westchester county by Charles L. Tiffany against Henry A. Bowerman, Thomas H. Stout and another, to have a conveyance made to defendant Bowerman and another adjudged to be for the benefit of the plaintiff, and other relief. The material facts fully appear in the opinion.

*Edmund Coffin, Jr.*, for appellants.

*Therasson & Bryan* and *Abel Crook*, for respondent, cited *Sage* v. *Mosher*, 17 How. 367; *Hasbrouck* v. *Shuster*, 4 Barb. 285; *Candler* v. *Pettit*, 1 Paige 168; *Radley* v. *Houghtaling*, 4 How. 251; *Medbury* v. *Swan*, 46 N. Y. 200.

TALCOTT, J. This is an appeal from an order authorizing the plaintiff to file a supplemental complaint. The alleged cause of action upon which the suit was commenced was in substance as follows: That the plaintiff is the owner of a country seat in the village of Irvington, on the Hudson river, comprising about forty acres of land; that adjoining the plaintiff's country seat is a parcel of land of about three acres, formerly belonging to the estate of one Dunham; that the defendant, Thomas H. Stout, is a real estate broker at Irvington, and that the plaintiff, about August 1, 1871, employed Stout to purchase the three acres; that Stout accepted the employment and agreed that he would do his best to effect a sale of the three acres to the plaintiff, and agreed that he would keep the plaintiff advised of his negotiations on the subject, and that the

plaintiff informed Stout that he, the plaintiff, was willing to pay $10,000 for the three acres, and that the plaintiff confided in Stout to look after his interests in the matter, and did not attempt to make the purchase himself or through some other agent, as he otherwise would have done; that instead of acting for the plaintiff, Stout negotiated and effected a sale of the three acres from the Dunham estate to the defendants, the Bowermans, for the price of $9,000, and that the three acres has been conveyed to the Bowermans by the parties representing the Dunham estate; that, at the time of the purchase by and conveyance to the Bowermans, they had notice of all the previously alleged facts, and fraudulently combined and colluded with Stout to prevent the plaintiff from purchasing the three acres, and to get it into their own hands, to use or dispose of it to the prejudice of the plaintiff or to threaten so to do, and they have advertised the said three acres for sale in small lots and intend so to sell the same, by which, if carried out, the plaintiff claims he will be prejudiced and injured as the owner of the country seat and forty acres. That the plaintiff has tendered to the Bowermans the sum of $10,000, and demanded that they should convey to him the three acres, but that they refuse so to do, and that he believes Stout is interested with the Bowermans in the purchase of the three acres, and entitled to a share of the profits which may be realized on a sale thereof, and he asks that the Bowermans shall be adjudged to have purchased and taken the conveyance of the three acres for the account and benefit of the plaintiff, and shall, by the order of the court, be compelled to convey the same to the plaintiff on receipt of the amount they paid with interest and expenses. The defendants in their answers allege the title of the Bowermans and generally deny the allegations of the complaint.

The action was referred to a referee to hear, try and determine; a long trial was had and the plaintiff rested his case. Thereupon an argument was had on a motion by the defendants to dismiss the complaint. The referee took the matter into consideration, and has since notified the defendants' counsel that he has decided the case, and is ready to make a report dismissing the complaint, though he has not made any formal report.

It seems that from something which transpired on the trial the plaintiff gained the information or the impression that the defendant Stout had been employed by the representatives of the Dun-

ham estate to sell the three acres for the best price he could get. That Stout did not inform the representatives of the Dunham estate that the plaintiff was desirous of making the purchase, and would give more than the price at which they sold to the Bowermans, but procured the Bowermans to purchase at the less sum. That the Bowermans had also notice of these facts, and acted in collusion with Stout, and against the interests of the Dunham estate in the matter. Wherefore, as the plaintiff claims, the representatives of the Dunham estate had a good cause of action against the defendants to annul and set aside the conveyance of the three acres, and the plaintiff says that on the 20th of April, 1874, (after the trial of the action originally commenced by him, and after its submission to the referee) he obtained a conveyance from the representative of the Dunham estate of the three acres in question, with all their rights and equities, and with the right to be subrogated thereto, and he thereupon made a motion for leave to file a supplemental complaint setting up the assignment to him of the cause of action alleged to have existed in behalf of the representatives of the Dunham estate against the defendants, growing out of the facts thus alleged, and seeks to recover in this action as the assignee of the representatives of the Dunham estate.

It seems only necessary to state the facts in order to show that the motion for leave to file this supplemental complaint for such a purpose should have been at once denied. A supplemental complaint must be consistent with and in aid of the case made by the original complaint. A new and substantive cause of action cannot be set up by way of supplemental complaint, as a ground of recovery, more especially a cause of action to which the plaintiff was not entitled when he commenced the action. The plaintiff, in order to be entitled to a judgment, must have the right to recover at the time when he commences his suit. To permit a plaintiff, after the defendant has been exposed to the annoyance and expense of defending himself against an unfounded claim, to bring in an entirely new claim not existing in his behalf when the action was commenced, and by way of supplemental complaint to set it up as a ground of recovery in the original action, would be extremely unjust and absurd.

The order appealed from is reversed with $10 costs.

*Order reversed.*